UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH J. OLDENBROEK,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, JIM BLUE, and
TAMMY STEIN,

    Defendants.
    _____/

Case No. 12-cv-10318

HONORABLE STEPHEN J. MURPHY, III

Wayne County Circuit
Court Case No. 12-000262-NF

## ORDER OF REMAND

Plaintiff Ralph Oldenbroek filed his complaint in Wayne County Circuit Court against State Farm Mutual Automobile Insurance Company ("State Farm") and two State Farm employees, Jim Blue and Tammy Stein. He asserts five claims based on state law including violation of the no fault act, silent fraud, fraudulent misrepresentation, innocent misrepresentation, and intentional infliction of emotional distress. Compl., ECF No. 1-2. Defendants removed the action on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a)(1). Defendants' notice of removal does not specify the citizenship of the individual defendants, but provides their county of residence. Not. Removal at ¶¶ 5-6, ECF No. 1. Despite this omission, it is clear that Defendants Blue and Stein are citizens of Michigan. Accordingly, Oldenbroek filed his motion to remand arguing complete diversity does not exist and the Court lacks subject matter jurisdiction. Mot. Remand, ECF No. 2. Defendants respond that removal was proper because the non-diverse Defendants were fraudulently joined. Because the Court finds that a hearing would not be of assistance in resolving the

instant motion, it will make its determination based on the parties' submissions. *See* E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the Court will grant Oldenbroek's motion and remand the action to Wayne County Circuit Court.

"Considering whether jurisdiction to hear a case exists is the 'first and fundamental question presented by every case brought to the federal courts.'" *Metro Hydroelectric Co. v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008) (quoting *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000)). Because federal courts are courts of limited jurisdiction, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). In the context of removal, the defendant bears this burden. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The notice of removal "is to be strictly construed, with all doubts resolved against removal." *Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

Defendants seek to defeat Oldenbroek's motion to remand by showing that Blue and Stein were fraudulently joined. "Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *Saginaw Housing Com'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (citing *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)). To establish fraudulent joinder, Defendants must present sufficient evidence that Oldenbroek "could not have established a cause of action against non-diverse defendants under state law." *Coyne,* 183 F.3d at 493 (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). Thus, to defeat the motion to remand, Defendants must show that Oldenbroek could not establish a cause of

action under Michigan law against either Blue or Stein for any of the claims asserted in his complaint. Defendants have failed to carry their burden regarding Oldenbroek's claim of fraudulent misrepresentation against Blue.

Under Michigan law, fraudulent misrepresentation requires a plaintiff to show that: (1) the defendant made a material representation; (2) the representation was false; (3) the representation was made with the knowledge it was false or was made recklessly without any knowledge it was true and as a positive assertion; (4) the representation was made with the intent it would be acted upon; (5) the plaintiff relied upon the representation; and (6) plaintiff suffered injury thereby. *Cooper v. Auto Club Ins. Ass'n*, 481 Mich. 399, 414 (2008).

Here, Oldenbroek alleges (1) that Defendant Blue made a material representation that only three hours of attendant care could be approved; (2) that this was false; (3) that the defendants knew this was a false representation; (4) that the representation was made knowing Oldenbroek would rely on it; (5) Oldenbroek did rely upon it by requesting a prescription for three hours of attendant care; and (6) Oldenbroek was damaged by procuring "inadequate prescriptions for attendant care." Compl. ¶¶ 43-48.

Michigan law recognizes the tort of fraudulent misrepresentation and Oldenbroek asserted all elements of the tort in his complaint. Defendants contend that the actions complained of were corporate acts that Blue performed in his capacity as a State Farm employee and that there is no basis for personal liability. Although this may ultimately turn out to be true, the Court "must resolve 'all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party.'" *Coyne,* 183 F.3d at 493 (quoting *Alexander*, 13 F.3d at 949). There is no controlling Michigan law that says

3

insurance adjusters cannot be held individually liable for fraudulent misrepresentation. Before a court will find fraudulent joinder, it must "'be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law.'" *Alexander*, 13 F.3d at 949 (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). The standard for proving fraudulent joinder "is 'even more favorable' to plaintiffs than the standard for ruling on a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Wolf v. Bankers Life & Cas. Co.*, 519 F. Supp. 2d 674, 683 (W.D. Mich. 2007) (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)). Further, although it may be unlikely that Oldenbroek will ultimately succeed on any of his claims against the non-diverse defendants, "'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.'" *Wolf*, 519 F. Supp.2d at 687 (quoting *Pacheco de Perez v. AT&T Corp.*, 139 F.3d 1368, 1380-81 (11th Cir. 1998)). Clearly, Defendants have a heavy burden. *See Murriel-Don Coal., Inc. v. Aspen Ins. UK Ltd.*, 790 F. Supp.2d 590, 597 (E.D. Ky. 2011) (quoting *Hartley*, 187 F.3d at 426) (Defendants contending fraudulent joinder must show that the plaintiff's claims do not have "even 'a glimmer of hope.'").

The Court must resolve all disputed facts and any ambiguity in state law in Oldenbroek's favor, and Defendants have failed to provide the Court with sufficient evidence that Oldenbroek could not establish a cause of action for fraudulent misrepresentation against Blue under Michigan law. Because Defendants have failed to carry their burden, the action must be remanded. 28 U.S.C. § 1447(c). Having found that Defendants failed to carry their burden as to Oldenbroek's fraudulent misrepresentation

4

claim, the Court need not address Oldenbroek's other claims against the non-diverse Defendants.

Additionally, because the Court lacks jurisdiction over the matter, Defendants' motion for partial judgment on the pleadings and for partial summary judgment (docket no. 4) is **DENIED** as moot.

Because Defendants had an objectively reasonable basis for removal, Oldenbroek's request for costs and fees pursuant to 28 U.S.C. § 1447(c) is **DENIED**. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 135 (2005).

**WHEREFORE** it is hereby **ORDERED** that Oldenbroek's motion to remand (docket no. 2) is **GRANTED**, and this action is **REMANDED** to the Wayne County Circuit Court.

The Court Clerk shall mail to the clerk of the Wayne County Circuit Court a certified copy of this order. *See* 28 U.S.C. § 1447(c).

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 6, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 6, 2012, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager